UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS NIETO, *et al.* | CIVIL ACTION |
| VERSUS | NO. 24-818 |
| CCG MSJC, LLC, *et al.* | SECTION M (4) |

### ORDER & REASONS

Before the Court is a motion to remand filed by plaintiffs Thomas Nieto, Julie Canseco, and Squeeze Holdings, LLC ("Squeeze Holdings") (collectively, "Plaintiffs").[1]  Defendants Heather Elrod and Christo Demetriades (together, "Defendants")[2] respond in opposition,[3] and Plaintiffs reply in further support of their motion.[4]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

### I.     BACKGROUND

This matter concerns a dispute between the board members of various interrelated businesses.  In 2017, Plaintiffs, along with Michael Canseco, founded a juice and smoothie company in New Orleans, Louisiana, which grew into a successful franchising business.[5]  In 2022, Defendants, along with their companies CCG MSJC, LLC ("CCG MSJC") and Conscious Capital Growth, LLC, sought to enter into business with Plaintiffs ostensibly to help Plaintiffs grow their franchise operations.[6]  To that end, on June 6, 2022, Squeeze Holdings and CCG MSJC became the co-owners of defendant Main Squeeze Juice Holdings, LLC ("Main Squeeze") and executed

---

[1] R. Doc. 16.
[2] In the state-court petition, Plaintiffs also name CCG MSJC, LLC and Conscious Capital Growth, LLC as defendants.  R. Doc. 1-1 at 2.  However, neither of them participated in the removal.  R. Doc. 1 at 1.
[3] R. Doc. 30.
[4] R. Doc. 32.
[5] R. Doc. 1-1 at 1, 3.
[6] *Id.*

the operating agreement of the newly formed limited liability company ("LLC").[7] Main Squeeze's operating agreement specified that Plaintiffs and Defendants are entitled to co-manage the company with each side choosing two board members, and appointing a fifth member by approval of three-fourths of the other board members.[8] Plaintiffs appointed Nieto and Michael Canseco to the board, and Defendants appointed Elrod and Demetriades.[9] A fifth board member was never chosen.[10] Also, in June 2022, Main Squeeze entered into an employment agreement with Nieto, installing him as the company's president and chief executive officer ("CEO").[11]

On March 25, 2024, Plaintiffs filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging that Defendants and their companies engaged in deceptive and illegal conduct, tried to force Neito out as a board member, president, and CEO of Main Squeeze, and breached Main Squeeze's operating agreement.[12] Plaintiffs allege various causes of action against Defendants, including a breach-of-fiduciary-duty derivative action.[13] Plaintiffs name Main Squeeze as an additional defendant to the derivative action.[14] As to the derivative action, Plaintiffs allege, in summary, that:

> Heather Elrod and Christo Demetriades have breached their fiduciary duties of care, candor and loyalty to Squeeze Holdings, LLC by continually violating the Operating Agreement, falsely holding out a suspended Arizona attorney as the Company's attorney, using vendors as purported independent third-parties (when these vendors were part of Defendants' operations and failed to provide requisite services to Company in exchange for payment), falsely reporting franchise and sale forecasts and business strategies, self-dealing, disrupting the Company's actual operations, using Company assets for their own benefit, delivering nearly no franchise sales and actively interfering with the Company's business operations on a near daily basis, withholding Company credit card reward points from the

---

[7] *Id.*
[8] *Id.* at 3-4.
[9] *Id.* at 4. In October 2023, Michael Canseco was replaced with Julie Canseco.
[10] *Id.*
[11] *Idi*
[12] *Id.* at 1-19.
[13] *Id.* at 10-19.
[14] *Id.* at 14.

> Company (presumably for their own use), and executing a bad faith scheme to seize control of the Company for Defendants' own benefit.[15]

Plaintiffs further allege that making a pre-suit demand on Defendants would have been futile because they have continually raised these issues with Defendants, most recently on March 20, 2024, and were ignored.[16]

On April 1, 2024, Defendants removed this case to this Court, asserting diversity subject-matter jurisdiction.[17] In doing so, Defendants claim that Main Squeeze, which shares its Louisiana citizenship with Plaintiffs and is therefore not diverse from Plaintiffs, was improperly joined as a defendant to defeat subject-matter jurisdiction.[18] Specifically, Defendants contend that Plaintiffs cannot maintain a derivative action against Main Squeeze because they failed to make a pre-suit demand on the board and, say Defendants, Louisiana law does not recognize a "futility" exception to the demand requirement.[19] Defendants further posit that Main Squeeze's citizenship can be ignored for jurisdictional purposes because it is a nominal defendant, not an indispensable party to the action.[20]

## II.   PENDING MOTION

Plaintiffs move to remand this case, arguing that they have alleged a plausible derivative action, under either Louisiana or Delaware law, to which Main Squeeze is an indispensable defendant.[21] They further argue that both Louisiana and Delaware law recognize a futility exception to the pre-suit demand requirement when a derivative action is brought against a limited

---

[15] *Id.* at 14-15.
[16] *Id.* at 15.
[17] R. Doc. 1.
[18] *Id.* at 5-7. There is complete diversity of citizenship among the other plaintiffs and defendants. *Id.* at 2-3.
[19] *Id.* at 6.
[20] *Id.*
[21] R. Doc. 16-1 at 4-7. Like Defendants, Plaintiffs cite both Louisiana and Delaware law because of the obvious relationship of Louisiana to the parties and the dispute and because the operating agreement specifies that Delaware law applies in some instances. *Compare* R. Doc. 1 at 6 *with* R. Doc. 16-1 at 5 n.2.

liability company.²² Finally, Plaintiffs also claim that Defendants breached Nieto's employment agreement, a contract to which Main Squeeze is a signatory and, thus, an appropriate defendant to such claim.²³

In opposition, Defendants invoke Louisiana corporation law to argue that Plaintiffs have not stated a plausible derivative-action claim against Main Squeeze because they did not make a pre-suit demand and Louisiana law does not recognize a futility exception.²⁴ Defendants also argue that, even if there is a futility exception, Plaintiffs have not satisfied it because only two of the four board members, not a majority, were involved in the allegedly improper actions.²⁵ Finally, Defendants contend that Plaintiffs have not pleaded sufficient facts to assert a derivative claim against Main Squeeze.²⁶

In reply, Plaintiffs argue that they have alleged enough facts regarding Defendants' self-dealing to state a derivative claim to which Main Squeeze is an indispensable party.²⁷ Further, Plaintiffs reiterate that both Louisiana and Delaware law recognize a futility exception when an LLC is involved, and that pre-suit demand would have been futile because half of the board members participated in the alleged wrongdoing.²⁸

## III.  LAW & ANALYSIS

### A. Removal Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a

---

²² R. Doc. 16-1 at 8-10.
²³ *Id.* at 11.
²⁴ R. Doc. 30 at 5.
²⁵ *Id.* at 5-6.
²⁶ *Id.* at 6-8.
²⁷ R. Doc. 32 at 1-3.
²⁸ *Id.* at 2-3.

state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

### B. Improper Joinder

In addition to the requirement that the parties be completely diverse, § 1441(b)(2) permits a defendant to "remove a case from state court to federal court on the basis of diversity jurisdiction so long as none 'of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 207 (5th Cir. 2018) (quoting 28 U.S.C. § 1441(b)(2), and citing *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017)). However, neither the lack of complete diversity nor § 1441(b)(2) will render an action non-removable if the party in question has been improperly joined. *Id.* Instead, if a "plaintiff improperly joins a non-diverse defendant, … the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). The defendant can demonstrate improper joinder by showing either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant in state court. *Mumfrey*, 719 F.3d at 401. The improper joinder doctrine is a "'narrow exception' to the

rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). "Under the second prong (inability to establish a cause of action), the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Id.* (quoting *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross*, 344 F.3d at 462 (emphasis in original). "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

In *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004), the Fifth Circuit explained the procedure used by courts to determine whether a plaintiff has improperly joined a nondiverse defendant. A court first looks "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," and "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* at 573. However, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The Fifth Circuit "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. In conducting such an inquiry, the district court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir.

2003). Further, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Id.*

### C. Analysis

Regardless of whether Louisiana or Delaware law applies,[29] Plaintiffs have stated a plausible derivative claim to which Main Squeeze is an indispensable party. "A derivative suit is a suit in which a member of an LLC seeks to enforce a claim of the LLC … under certain circumstances where the LLC (*i.e.*, the LLC's manager(s)) refuses to enforce its rights." 9 SUSAN KALINKA, JEFFREY W. KOONCE & PHILIP T. HACKNEY, LOUISIANA CIVIL LAW TREATISE, LIMITED LIABILITY COMPANIES AND PARTNERSHIPS § 1:11, at 41-42 (4th ed. 2023) (footnote omitted). Defendants' arguments concerning Plaintiffs' derivative claim are based on their misunderstanding about which Louisiana law applies to Main Squeeze, an LLC. Defendants insist it is Louisiana's Business Corporation Act, La. R.S. 12:1-101 *et seq.*, and particularly § 1-742 (which addresses demand as to corporations), but they are wrong. In a statutory provision titled "derivative actions," Louisiana's law on LLCs explains: "A limited liability company shall be treated as an unincorporated association under Chapter 5 of Title II of Book I of the Louisiana Code of Civil Procedure." La. R.S. 12:1365. Article 615 of the Louisiana Code of Civil Procedure, which article is found in the referenced chapter, governs derivative actions brought by a member of an unincorporated association, such as an LLC, and provides:

> The petition in a class action brought by a shareholder, partner, or member of a corporation or unincorporated association because it refuses to enforce a right which it may enforce shall:
>
>> (1) Allege that the plaintiff was a shareholder, partner, or member at the time of the occurrence or transaction of which he complains, or that his share, partnership, or membership thereafter devolved on him by operation of law.

---

[29] This Court declines to engage in a choice-of-law analysis because neither side did so and it is unnecessary to decide the remand issue.

>   (2) Allege with particularity the efforts of the plaintiff to secure from the managing directors, governors, or trustees and, if necessary, from the shareholders, partners, or members, the enforcement of the right and the reasons for his failure to secure such enforcement, or the reason for not making such an effort to secure enforcement of the right.
>
>   (3) Join as defendants the corporation or unincorporated association and the obligor against whom the obligation is sought to be enforced.
>
>   (4) Include a prayer for judgment in favor of the corporation or unincorporated association and against the obligor on the obligation sought to be enforced.
>
>   (5) Be verified by the affidavit of the plaintiff or his counsel.

Thus, under Louisiana law, an LLC is required to be joined as a defendant to a derivative action. The affected LLC is also required to be joined as a defendant to a derivative action under Delaware law. *See, e.g., Zimmerman v. Crothall*, 62 A.3d 676, 681 (Del. Ch. 2013) (joining LLC as defendant to member's derivative action). And, in a provision comparable to article 615 of the Louisiana Code of Civil Procedure, Delaware law recognizes a futility exception to the pre-suit demand requirement. *See* 6 Del. Code § 18-1003 ("In a derivative action, the complaint shall set forth with particularity the effort, if any, of the plaintiff to secure initiation of any action by a manager or member or the reasons for not making the effort."). An LLC that is a defendant to a derivative action is treated as a "true defendant" for purposes of diversity jurisdiction. *Orpheum Prop., Inc. v. Coscina*, 2018 WL 1518471, at *6 (E.D. La. Mar. 28, 2018) (citations omitted).

In their state-court petition, Plaintiffs plead sufficient facts to state a plausible derivative claim to which Main Squeeze is a required defendant under either Louisiana or Delaware law. Plaintiffs allege a litany of improper actions by Defendants that were not in the LLC's best interest.[30] Plaintiffs also allege that a pre-suit demand would have been futile because they

---

[30] R. Doc. 1-1

previously raised their concerns with Defendants to no avail.[31] Defendants respond that the futility exception to the demand requirement only applies when the alleged wrongdoers constitute a majority of the board. Again, they are wrong. Defendants make up half of Main Squeeze's board, while plaintiffs Neito and Julie Canseco comprise the other half. Such deadlock is sufficient to establish the futility of a pre-suit demand. *See Reuther v. Smith*, 2002 WL 1303119, at *7 (E.D. La. June 12, 2002) (holding that deadlocked board was sufficient for futility allegation to excuse demand); *United Food & Com. Workers Union & Participating Food Indus. Empls. Tri-State Pension Fund*, 262 A.3d 1034, 1059 (Del. 2021) (holding that demand excused as futile when "at least half of the members of the demand board" was alleged to have received a personal benefit from the alleged misconduct, faced a substantial likelihood of liability on one of the claims, or lacked independence from someone who received a material benefit or would face liability); *Lebanon Cnty. Empls.' Ret. Fund v. Collis*, 311 A.3d 773, 798 (Del. 2023) (same).[32]

In sum, Plaintiffs have alleged enough facts to state a plausible derivative action (*viz.*, that Defendants engaged in self-dealing and other misconduct at odds with Main Squeeze's best interests), and to establish that at least half of the board members (*i.e.*, Defendants) were involved in the misconduct, making a pre-suit demand futile. And Plaintiffs have shown that Main Squeeze is properly named as a defendant to such an action under the applicable law, whether Louisiana or Delaware. Thus, Main Squeeze is a defendant whose citizenship is material to subject-matter jurisdiction. Because Main Squeeze and Plaintiffs are all Louisiana citizens, complete diversity is lacking, and this Court does not have subject-matter jurisdiction.

---

[31] *Id.* at 15.

[32] In *Smith v. Wembley Industries, Inc.*, 490 So. 2d 1107 (La. App. 1986), the court noted the rationale of other courts in consistently holding that "'demand is futile since it is unreasonable to think that a man will vote to bring suit against himself.'" *Id.* at 1108 (quoting Note, 73 HARV. L. REV. 729, 753 (1960)). Defendants emphasize that the court made this observation in a case, and of cases, where a majority of the board was involved in the alleged wrongdoing. However, the logic of the rationale applies with equal force to cases involving deadlock. In such situations, demand will produce no greater likelihood of action and, so, is equally futile.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to remand (R. Doc. 16) is GRANTED, and this case is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 16th day of May, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE